UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

Civil No. 04-4697 (JRT/FLN)

**In re ST. PAUL TRAVELERS SECURITIES LITIGATION II**

**ORDER**

Thomas A. Dubbs, **LABATON SUCHAROW & RUDOFF LLP**, 100 Park Avenue, 12th Floor, New York, NY 10017; Daniel E. Gustafson, **GUSTAFSON GLUEK PLLC**, 608 Second Avenue South, Suite 650, Minneapolis, MN 55402; for plaintiffs.

Marisa A. Hesse and Peter W. Carter, **DORSEY & WHITNEY LLP**, 50 South Sixth Street, Suite 1500, Minneapolis, MN 55402-1498; Patrick T. Shilling, **SIMPSON THACHER & BARTLETT LLP**, 425 Lexington Avenue, New York, NY 10017-3954; for defendants.

This is a securities fraud case brought by a putative class of persons who purchased securities of The St. Paul Companies, Inc., and those of its successor, St. Paul Travelers Companies, Inc. In an order dated March 28, 2007, United States Magistrate Judge Franklin L. Noel denied defendants' motion to compel discovery regarding confidential witnesses relied upon in the complaint. Defendants appeal the Order pursuant to Federal Rule of Civil Procedure 72(a) and D. Minn. LR 72.2(a).[1] For the reasons stated below, the Court affirms the Magistrate Judge's order.

---

[1] On May 9, 2007, defendants filed a Motion for Leave to File a Reply in further Support of Objections to Magistrate Judge Noel's Order Denying Defendants' Motion to Compel [Docket No. 139]. The briefing currently before the Court is sufficient to assess the merits of the appeal, and the Court therefore denies the motion.

## ANALYSIS

### I.   STANDARD OF REVIEW

The standard of review applicable to an appeal of a Magistrate Judge's order on nondispositive pretrial matters is extremely deferential.  *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999).  This Court will reverse such an order only if it is clearly erroneous or contrary to law.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a).

### II.   DISCOVERY REGARDING CONFIDENTIAL WITNESSES

Defendants seek the identity of two confidential witnesses referred to as Confidential Witness 1 and Confidential Witness 3 in plaintiffs' complaint.  Defendants also seek any documents exchanged with individuals who provided information relied on in the complaint.  Plaintiffs have objected to the disclosure of this information as protected by the attorney work product privilege.  Plaintiffs maintain that they do not intend to rely upon Confidential Witness 1 or Confidential Witness 3 at trial.  Plaintiffs further maintain that the only documents pertaining to individuals who provided information in the complaint are the interview notes of plaintiffs' counsel.

The Magistrate Judge denied defendants' motion to compel discovery.  The Magistrate Judge reasoned that the identity of the confidential witnesses is protected by attorney work product privilege, and that defendants have not met the burden to overcome the privilege at this stage in the litigation.

In their appeal of the Magistrate Judge's Order, defendants point to cases holding that the identities of confidential witnesses are not protected from disclosure as attorney work product. Plaintiffs respond by pointing to cases with the opposite holding. *See, e.g.*, *In re MTI Tech. Corp. Sec. Litig. II*, 2002 WL 32344347, at *3-5 (C.D. Cal. June 13, 2002) ("Disclosure of their identity would necessarily reveal counsel's opinions regarding the relative importance of these witnesses, the highlights of their testimony/factual knowledge, and would link any future factual statements by the witnesses with Plaintiffs' counsel's legal theories and conclusions as outlined in the complaint."). As such, the Court concludes that the Magistrate Judge's determination that the identities are protected as attorney work product is not contrary to law.

Defendants further argue that even if the identities are protected as attorney work product, plaintiffs have waived the privilege by including statements of the confidential witnesses in the complaint. The cases cited by defendants held that the privilege must be waived in the interest of fairness. *See, e.g.*, *Pamida, Inc. v. E.S. Originals, Inc.*, 281 F.3d 726, 732 (8th Cir. 2002) ("With respect to the issue of implied waiver, the Court must not only look at whether Pamida intended to waive the privilege, but also whether the interests [of] fairness and consistency mandate a finding of waiver."). Here, the information that could be provided by the confidential witnesses does not appear to be "crucial and unavailable by other means." *Id.* Plaintiffs maintain that they do not intend to have the witnesses testify at trial, and that there is an abundance of independent evidence that is not based on the confidential witnesses that can demonstrate the same information supplied by those witnesses and alleged in the complaint. Further, the

- 4 -

Magistrate Judge carefully sought to balance plaintiffs' attorney work product interest with defendants' need for the identity of the witnesses. Specifically, the Magistrate Judge ordered that plaintiffs must disclose the identities of the witnesses if they later choose to rely on these witnesses, and ordered plaintiffs to make this decision by September 1, 2007.

In sum, the Court cannot conclude that the Magistrate Judge's Order is clearly erroneous or contrary to law, and the Court affirms the Order.

**ORDER**

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion for Leave to File a Reply in Further Support of Objections to Magistrate Judge Noel's Order Denying Defendants' Motion to Compel Plaintiff to Identify "Confidential Witnesses" Relied on in the Complaint [Docket No. 139] is **DENIED**.

2. The Magistrate Judge's March 28, 2007 Order [Docket No. 117] is **AFFIRMED**.

DATED: May 10, 2007                                     s/ John R. Tunheim
at Minneapolis, Minnesota.                       JOHN R. TUNHEIM
                                                                     United States District Judge